## NATIONAL MUTUAL INSURANCE CO OF CELINA v LONDON TANKAGE WORKS COMPANY

Ohio Appeals, 2nd Dist, Madison Co

No 88.   Decided April 28, 1932

Clark Campbell, Columbus, and Booth, Keating, Pomerene & Bolger, Columbus, for plaintiff in error.

Frank J. Murray, London, H. H. Crabbe, London, and Lawrence E. Laybourne, Springfield, for defendant in error.

## BY THE COURT

Motion for a new trial having been overruled and judgment entered on the verdict, error is prosecuted to this court.

Various errors are assigned in the petition in error and were presented with much force during the oral argument and in the briefs which have been filed by counsel. These briefs are quite exhaustive and are replete with authorities from Ohio and sister states reflecting upon the issues raised in this case.

We shall not attempt to discuss these authorities in detail but will content ourselves with merely announcing the conclusion at which we have arrived after a consideration of the record and the authorities cited by counsel.

The charge of the trial court is quite complete in that it sets forth the issues in more or less detail and clearly states the law applicable to the various defenses set forth in the answer of plaintiff in error.

If the law as stated by the trial court in the charge to the jury is correct, then the judgment should be sustained, as the trial throughout was consistent with the rules so stated.

The first defense of the answer, in brief, is a denial that defendant in error paid to plaintiff in error a premium of $137.00 as claimed in the amended petition for this policy of insurance; a denial that the plaintiff in error issued to defendant in error a policy of insurance in the sum of $10,000; a denial that plaintiff in error obligated itself to pay plaintiff below any sum within sixty days after the date of loss; and a denial that it issued its policy of insurance to either the London Tankage Works Company or the London Tankage Works.

Upon this issue the court charged, and properly so, that this first defense put in issue all the material allegations in the amended petition and that the burden was upon the plaintiff below to prove by a preponderance of the evidence that the policy of insurance in question was executed by the President and Secretary of the defendant below and that the same was delivered to plaintiff by the agent of defendant prior to said loss by fire. The court further charged that as the Secretary of plaintiff in error had testified he was the Secretary of plaintiff in error and that Rentzch was President and Horace L. Rea was the agent of plaintiff in error in London, Ohio (said Rea being the agent who not only delivered this policy to defendant in error, but other policies of insurance similar to the one in question) and that the names of the President and Secretary appearing upon the policy in question are facsimile signatures of said officers which were printed upon the policies issued by plaintiff in error and were duly authorized by plaintiff in error to be so printed, that this testimony was sufficient to establish execution of the policy if no other evidence was introduced.

The court also charged the jury that the General Code of Ohio provides that a person who solicits insurance and procures an application therefor shall be held to be the agent of the company issuing the policy upon such application or a renewal thereof.

The court further stated to the jury that if they found by a preponderance of the evidence that Horace L. Rea (being the insurance agent in question) solicited and procured insurance for defendant in error and that the policy in question was thereafter delivered by said Rea to defendant in error, then under the statutes of Ohio the said Rea would be held to be the agent of plaintiff in error and if defendant in error has proven by a preponderance of the evidence the execution of the policy in question by plaintiff in error and the delivery of the same to defendant in error then to defeat the claim of defendant in error the plaintiff in error must prove by a preponderance of the evidence one or more of the material allegations set forth in the third, fourth and fifth defenses of the answer.

We think the above is a correct statement of the law as to the general issues involved.

The material averments of the second defense of the answer are in substance that the said Rea took a policy of insurance that had previously been issued by plaintiff in error to one Robert L. Rea upon property belonging to Robert L. Rea and that the said agent Horace L. Rea erased the name Robert L. Rea and inserted the name The London Tankage Works; erased the figures $18.13, the amount of the premium, and inserted the figures $137.00; erased the words Twenty-five Hundred Dollars and inserted the words, "Ten Thousand Dollars"; detached therefrom a form containing a description of the property of Robert L. Rea and attached a form describing the property of the defendant in error. In substance this defense being that this policy was changed from its original form to the policy upon which this action is based. Upon this issue the court charged the jury that the presumption of law is that any erasures, alterations, changes or addition made in a policy before delivering it to defendant in error were made with the knowledge and consent of plaintiff in error and to defeat recovery by defendant in error, the plaintiff in error must prove by a preponderance of the evidence that such erasures, alterations or changes were made without plaintiff in error's knowledge or consent, and further that defendant in error knew at the time of the delivery that they were made and that the defendant in error knew they were so made without the knowledge and consent of plaintiff in error.

We think this contains a correct statement of the law applicable to this defense and that there is testimony in the record tending to support the finding of the jury that the defendant in error had no knowledge of such erasures at the time of the delivery of the policy in question.

The fourth and fifth defenses of the answer, in substance are, that at the time of the delivery of the policy in question, the defendant in error and the agent Hor-

ace L. Rea entered into a contract and agreement by the terms of which the premium to be paid for said policy was not to be paid in cash but the same was to be credited upon a note which the defendant in error then held against the said agent Horace L. Rea, which agreement was without the knowledge and consent of plaintiff in error.

The court charged the jury upon these issues that an agent has no authority to make a contract by the terms of which the money to be paid to his principal shall be applied upon the individual debt of the agent without the principal's consent and if that was one of the considerations and one of the conditions that entered into the contract at the time it was made, the contract would be void. However, the principal is bound by the acts of his agent acting within the apparent scope of his authority and the agent if authorized to make contracts of fire insurance and issue policies has apparent authority to and may waive payment of cash for premiums and give time for their payment unless there are restrictions upon his authority of which the insured has notice.

It is not a condition precedent in the policy sued upon that the premium be paid before the policy becomes effective nor does the policy become void if after the policy was issued or if at the time it was delivered the agent of the company requested or consented that the premiums be applied upon his individual debt, and the plaintiff below did so apply them, although the agent did not afterward account to the company therefor, unless it was one of the considerations and conditions upon which the policy was issued and delivered that the premium should be paid in that manner.

It is therefore necessary to defeat recovery by defendant in error under these defenses for plaintiff in error to prove by a preponderance of the evidence that the time of the issuance and delivery of the policy in question there was an agreement between defendant in error and said Horace L. Rea, the agent, that the premium should not be paid in cash but should be credited upon the note of said Rea; that such agreement was one of the conditions and considerations upon which said policy was issued and delivered and that said agreement was without the knowledge and consent of plaintiff in error.

We think this correctly states the law upon these issues and that there is testimony in the record tending to support the evident finding of the jury that at the time of the issuance of the policy nothing was said in reference to the payment of premiums.

We will frankly state that we have had difficulty in arriving at a decision of this case. We concede that the case is not free from doubt but applying the rule that the judgment of a lower court should not be disturbed unless the reviewing court is satisfied that the record contains prejudicial error, we are of opinion that the judgment of the lower court should be sustained.

Counsel for plaintiff in error have also urged with considerable force the failure of the trial court to give certain special instructions in advance of the argument. Upon our first reading of special charges numbered 5 and 7, we were inclined to think they should have been given, but upon careful study of the phraseology we are of opinion that the trial court was justified in refusing the same. We have considered all the grounds of error suggested but upon a consideration of the entire record we are of opinion that the judgment of the lower court should be affirmed.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.

## ON APPLICATION FOR REHEARING

### Rendered June 1, 1932

### BY THE COURT

Counsel for plaintiff in error have filed an application for a rehearing. We have considered this application and upon such consideration are of opinion that the original decision should be adhered to.

Counsel suggest that the court did not pass upon branch 2 of the petition in error. We expressly stated in our opinion that we had considered all of the grounds of error urged by counsel for plaintiff in error but found no error in the record which we considered prejudicial to plaintiff in error. This would include the question suggested in the application for a rehearing. Upon a reconsideration of the case we are of opinion, as above stated, that the original decision should be adhered to and the application for rehearing will be denied.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.